**UNITED STATES of America, Plaintiff,**

v.

**Thompson B. SANDERS, Daniel Dewey, David Lee Pelleu and Daniel Kolton, Defendants.**

**No. 88 CR 104.**

United States District Court, N.D. Illinois, E.D.

June 21, 1988.

tion as to what will happen is only that, specula-        tion.

James Conway, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Steven Senderowitz, Chicago, Ill., for Sanders.

Michael Pasano, Zuckerman Spaeder Taylor & Evans, Coral Gables, Fla., for Dewey.

Luis Galvan, Federal Defender Program, Chicago, Ill., for Pelleu.

Michael Sher, Chicago, Ill., for Kolton.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Thompson Sanders has moved to suppress certain evidence presented by the government. The Court has conducted an evidentiary hearing, heard oral argument and reviewed the written submissions of the parties. For the reasons stated below, the motion to suppress is denied.

*Facts*

Sanders, David Lee Pelleu and two co-defendants were indicted on charges of false representation, conspiracy and wire fraud in connection with a fraudulent trading scheme on the Chicago Board of Trade. Some time in 1985, Sanders entrusted Pelleu with various documents, and Pelleu stored them in the garage of his residence inside various containers. In the fall of 1986, Sanders visited Pelleu at home and discussed what was to be done with the documents.[1] Subsequent to that discussion, Pelleu retained possession of the documents.

In January of 1987, Pelleu approached the FBI with information on the activities that are the subject of the indictment here. At that time, Pelleu turned over a certain small part of the documents in his possession to the government. In April of 1988, Pelleu turned over to the government twelve boxes of documents given him by Sanders. Pelleu has since pled guilty to the charges against him, pursuant to a plea agreement with the United States Attorney.

Sanders claims that the conduct of the government surrounding Pelleu's giving of the documents in April 1988 unlawfully violated Sanders' constitutional rights under the Fourth Amendment and moves to suppress these documents. We deny the motion.

*Discussion*

Private searches and seizures are not subject to the restrictions of the Fourth Amendment. *Walter v. United States*, 447 U.S. 649, 100 S.Ct. 2395 (1980). However, if a private individual acts as an agent of the state, the search or seizure is subject to Fourth Amendment protections. *Coolidge v. New Hampshire*, 403 U.S. 443, 487–90, 91 S.Ct. 2022, 2048–50 (1971). The test for determining whether a private individual

---

1. The government claims that either the documents were abandoned or that Pelleu as a custodian/bookkeeper had authority to dispose of them. Although the facts adduced at the evidentiary hearing may very well support either conclusion, the question of whether Sanders did not have an exclusive proprietary right in the documents need not be decided in reaching our decision.

acted as a state agent depends upon the weighing of two factors: (1) whether the government knew of and acquiesced in the intrusive conduct and (2) whether the private individual's purpose in conducting the search was to assist law enforcement efforts or to further her own ends. *United States v. Feffer*, 831 F.2d 734, 739 (7th Cir.1987). The party moving to suppress must establish by a preponderance of evidence that the private individual was indeed a state agent.

We find that defendant Sanders has failed to meet his evidentiary burden. Pelleu originally contacted the government and turned over some of the documents in his possession on his own initiative. There has been no evidence offered to suggest that Pelleu turned over the documents in question under instructions from the government. Indeed, after Pelleu's initial offering of documents in January of 1987, the FBI told him that they did not want the remaining documents in his possession. Although Pelleu reached a plea agreement with the United States Attorney prior to his offering of the remainder of documents in April 1988, this fact alone does not show any governmental misconduct or improper inducement of Pelleu. Law enforcement efforts should not be hampered by the fear that any evidence offered by cooperating defendants will be tainted as an unreasonable seizure. Since the exclusionary rules are intended to deter governmental impropriety and not private searchers (*see Feffer*, 831 F.2d 734, 740), this Court must deny the motion to suppress. It is so ordered.